MEMORANDUM *
Jose Felipe Velasco appeals the denial of his habeas petition under 28 U.S.C. § 2254, We affirm. Because the petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) govern. Lindh v. Murphy, 521 U.S. 320, 326-27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), Under AEDPA, habeas relief may be granted only if the state court’s adjudication was: (1) “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;” or (2) “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).
The California Court of Appeal did not err in rejecting Velasco’s claims of juror bias and affirming his conviction and sentence. The state trial court engaged in a lengthy colloquy with Juror 112 after she admitted remembering that a former coworker committed a similar crime to Ve-lasco’s and expressed doubts about her ability to remain impartial. Although Juror 112 made several troubling statements during that colloquy, she also expressed confidence that she could follow the court’s instructions and consider only admissible evidence when returning a verdict. Given that trial courts are “best situated to determine competency to serve impartially,” Patton v. Yount, 467 U.S. 1025, 1039, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984), it was not unreasonable for the state court to find that Juror 112 was believable when she promised to adhere to the judge’s instructions. 28 U.S.C. §, 2254(d)(2). Nor was the state court’s decision “contrary to” or “an unreasonable application of’ the Supreme Court’s decisions on juror bias. See Patton, 467 U.S. at 1036-40, 104 S.Ct. 2885; Skilling v. United States, 561 U.S, 358, 396-99, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010); see also 28 U.S.C. § 2254(d)(1). Thus, Velasco’s claim fails under both prongs of § 2254.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.